IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| JAMES R. NIBLOCK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:19-cv-01184 |
| IVAN DARNELL DAVIS and MICHAEL STEFAN NACHMANOFF, | ) ) ) ) | By: Elizabeth K. Dillon United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

In 2003, plaintiff James R. Niblock pleaded guilty to five counts of wire fraud. *See United States v. Niblock*, Case No. 1:02-cr-00568 (E.D. Va.) Upon his release from prison in 2019, Niblock sued the attorneys who defended him—former federal public defenders, now United States Magistrate Judges, Ivan Davis and Michael Nachmanoff. The suit was brought in state court under a series of state law causes of action, including fraud, breach of fiduciary duty, and conspiracy. Niblock requests 10 million dollars in compensatory damages and 100 million dollars in punitive damages.

Defendants removed this action to federal court and move to dismiss for lack of subject matter jurisdiction. Following a hearing and for the reasons stated below, the court agrees that the United States' sovereign immunity precludes jurisdiction over the subject matter of Niblock's lawsuit. Therefore, the court will enter an order granting defendants' motion and dismissing this case for lack of subject matter jurisdiction.[1]

---

[1] After the court held a hearing on the motion to dismiss, Niblock filed an amended complaint. (Dkt. No. 13.) Defendants objected on the grounds that the amended complaint was filed without leave of court and without the opposing party's consent. (Dkt. No. 14); *See* Fed. R. Civ. P. 15(a)(2). The amended complaint (Dkt. No. 13) will therefore be stricken. Subsequently, Niblock filed a motion for leave to file an amended complaint. (Dkt. No. 16.) Niblock's motion will be denied because, for the reasons set forth below, no amendment can establish a waiver of sovereign immunity. To the extent that Niblock's amended complaint alleges new claims that would not be barred by

I. ANALYSIS

On October 24, 2002, a forty-count wire fraud indictment was returned against Niblock in this judicial district. After two days of jury trial proceedings, Niblock pleaded guilty to five counts in the indictment. On July 21, 2003, Niblock was sentenced to 235 months in prison and ordered to pay over $9.8 million dollars in restitution to the victims of his crimes. Niblock proceeded to collaterally attack his conviction through several motions, including under 28 U.S.C. § 2255. These efforts have all been rejected by the district court and the Fourth Circuit Court of Appeals.

Niblock brings tort claims for fraud, constructive fraud, breach of fiduciary duty, statutory conspiracy, common law conspiracy, breach of duty of loyalty, and intentional infliction of emotional distress. He alleges a pattern of fraudulent acts and a conspiracy by defendants, resulting in Niblock's conviction and restitution order. As Niblock's complaint makes clear, defendants "were at all relevant times employed by the Office of Federal Public Defender (Dkt. No. 1-1, Compl. ¶ 3) and "were appointed to represent Plaintiff in a criminal case in U.S. District Court in Alexandria, Va." (Compl. ¶ 4; *see also* ¶ 9). Defendants represented Niblock for most of his criminal case through the sentencing, and, at all times relevant to the allegations in Niblock's complaint, defendants were acting in their capacity as federal public defenders. Niblock alleges various failures by defendants throughout their representation of him in their roles as federal public defenders appointed to represent him. [2]

---

sovereign immunity, "leave to amend should not be granted if a proposed amendment would create subject matter jurisdiction where none previously existed." *Multicultural Radio Broadcasting, Inc. v. Korean Radio Broadcasting, Inc.*, Civil Action No. 15-1961 (SRC), 2017 WL 436250, at *5 (D.N.J. Jan. 31, 2017) (noting that courts have applied this principle in several circumstances, including attempting to add a federal cause of action to cure lack of subject matter jurisdiction when the defendants are immune from suit) (citing *Brennan v. Univ. of Kansas*, 451 F.2d 1287 (10th Cir. 1971)). Therefore, the court's opinion addresses the original complaint, not the amended complaint filed by Niblock without leave of court.

Niblock also filed a motion to conduct discovery. (Dkt. No. 18.) This motion will be denied as moot.

[2] By way of example, Niblock alleges that Davis never relayed a plea offer to Niblock from the government in September of 2002 (Dkt. No. 1-1, Compl. ¶ 15); that defendants lied about reviewing search warrant affidavits and failed to file timely a motion to suppress (Compl. ¶ 23); that Nachmanoff refused to move to dismiss the indictment for

**A. Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). In considering a Rule 12(b)(1) motion, the burden is on the plaintiff to prove that federal subject matter jurisdiction is proper. Sovereign immunity issues are generally considered jurisdictional in nature and, as a result, are appropriately resolved in the context of a Rule 12(b)(1) motion. *United States v. Jones*, 225 F.3d 468, 469 (4th Cir. 2000). Of the two types of Rule 12(b)(1) motions—a facial attack, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie, or a challenge to the existence of subject matter jurisdiction in fact, apart from the pleadings—the court considers this motion to be the former type of challenge. *See Lucas v. Henrico Cty. Sch. Bd.*, 822 F. Supp. 2d 589, 599 (E.D. Va. 2011) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). In such a challenge, the court "assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under Rule 12(b)(6) consideration." *Id.* (citing *Adams*, 697 F.2d at 1219).[3]

This action was removed from state court to federal court pursuant to the following provisions in 28 U.S.C. § 1442:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is *against or directed to any of the following* may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

---

Speedy Trial Act violations and failed to file a written motion to recuse the trial judge (Compl. ¶ 30, 31, 41); that Nachmanoff negotiated a "bribe" in order to induce Niblock's guilty plea by arranging for the return of $50,000.00 of Niblock's children's college tuition funds which had been seized by the United States (Compl. ¶ 45); that defendants presented no defense (Compl. ¶ 40); and that defendants "knowingly and willfully agreed to provide false information in their affidavits to the district court to deny Plaintiff habeas corpus relief and to coverup their errors, false statements, and violations of professional rules of conduct." (Compl. ¶ 56.)

[3] In a factual challenge, by contrast, the court affords "no presumptive truthfulness . . . to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Lucas*, 822 F. Supp. 2d at 599 (citing *Adams*, 697 F.2d at 1219).

> (1) *The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity*, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> \*\*\*
>
> (3) *Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties* . . . .

28 U.S.C. §§ 1442(a)(1) and (a)(3) (emphasis added). A federal court's jurisdiction upon removal under § 1442 is "derivative of the state court jurisdiction, and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction." *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998).

**B.  Sovereign Immunity**

The United States is "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976). The federal government "has long enjoyed freedom from suit without consent." *Robinson v. United States Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019). Thus, the United States is "immune from all suits against it absent an express waiver of its immunity." *Durden v. United States*, 736 F.3d 296, 301 (4th Cir. 2013). Moreover, an action seeking "specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to the governmental privilege of sovereign immunity." *Cromer*, 159 F.3d at 879; *see also Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005) (stating that the "shield of sovereign immunity protects not only the United States but also its agencies and officers when the latter act in their official capacities"); *Thurston v. United States*, 810 F.2d 438, 444 (4th Cir. 1987) ("A suit against a federal official for acts performed within his official capacity

4

amounts to an action against the sovereign."). Clearly, federal public defender agencies are federal entities, and their staffs are federal employees. *See In re Levenson*, 587 F.3d 925, 930 (9th Cir. 2009). Defendants, as alleged by plaintiff in this case, were federal employees at all relevant times and acting in their roles as federal public defenders.

"A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996). In other words, "waivers cannot contain an ambiguity, which 'exists if there is a plausible interpretation of the statute that would not authorize money damages against the Government.'" *Robinson*, 917 F.3d at 802 (quoting *FAA v. Cooper*, 566 U.S. 284, 290–91 (2012)). "Sovereign immunity, in short, can only be waived by statutory text that is unambiguous and unequivocal. The requirement exists, in part, to prevent the inadvertent imposition of massive monetary loss." *Id.* The plaintiff bears the burden of showing that the government has waived sovereign immunity at the motion to dismiss stage. *Id.*

One such waiver, under certain circumstances, may be found in the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680. The FTCA is a "limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *Wood v. Standard Prods. Co., Inc.*, 671 F.2d 825, 829 (4th Cir. 1982) (citing *United States v. Orleans*, 425 U.S. 807, 813 (1976)). The FTCA permits a remedy against the United States "for injury or loss of property, or personal injury or death arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . ." 28 U.S.C. § 2679(b)(1). Indeed, the term "employee of the government" sometimes includes employees of a Federal public defender organization. 28 U.S.C. § 2671. However, under that same section, there is an exception "*when such officer or employee performs professional services in the course of*

5

*providing representation under section 3006A of title 18.*" 28 U.S.C. § 2671 (emphasis added). Here, defendants were providing professional services to Niblock pursuant to a Criminal Justice Act (CJA) appointment pursuant to 18 U.S.C. § 3006A. Thus, there is no waiver of sovereign immunity under the FTCA in this case, and Niblock fails to point the court to any other statute that might waive sovereign immunity.[4] Moreover, because jurisdiction in this action is derivative of the state court's jurisdiction pursuant to § 1442, there is no jurisdiction because the FTCA vests "exclusive jurisdiction of civil actions on claims against the United States, for money damages" with federal district courts. § 1346(b)(1).

Niblock makes an argument that Virginia law should apply to determine whether defendants were acting within the scope of their employment under the FTCA, and he then asserts that under Virginia law employees who commit fraud are not acting within the scope of their employment. He cites to *Williams v. United States*, 350 U.S. 857 (1955), and *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148 (4th Cir. 1997), in support of this argument. *Gutierrez* dealt with a certification pursuant to the Westfall Act, which amended the FTCA to provide that the United States will be substituted as the party defendant in a case against a government employee "upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). The court applied the respondeat superior law of the state where the conduct occurred to determine whether the employee was acting within the scope of employment. *Gutierrez*, 111 F.3d at 1156. Similarly, in *Williams*, the court determined that state law applied in determining whether an employee was acting within the scope of his employment. 350 U.S. 857

---

[4] Niblock makes it clear that he is not bringing claims under the FTCA and is not relying on the FTCA to assert waiver of sovereign immunity because, he notes, the waiver does not apply to claims arising out of "misrepresentation, deceit, or interference with contract rights," 28 U.S.C. § 2680(h). Furthermore, his citation to Virginia case law holding that employees committing fraud are not acting within the scope of their employment does not constitute a waiver of the sovereign immunity of a federal employee.

(vacating judgment in *Williams v. United States*, 215 F.2d 800 (9th Cir. 1954)). These cases, however, do not support Niblock's position because the FTCA, as discussed above, does not apply to the instant case.

## II. CONCLUSION

This case "amounts to an action against the sovereign." *Thurston*, 810 F.2d at 444. There being no waiver of sovereign immunity, it must be dismissed for lack of subject matter jurisdiction. The court will issue an appropriate order.[5]

Entered: September 30, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[5] Typically, dismissal for lack of subject matter jurisdiction is without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). However, because Niblock cannot plead around the absence of a waiver of sovereign immunity, and because jurisdiction would also be lacking in state court, the court will dismiss this action with prejudice. *See, e.g.*, *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (affirming dismissal with prejudice because "the bar of sovereign immunity is absolute; no other court has the power to hear the case, nor can the [plaintiff] redraft their claims to avoid the exceptions to the FTCA"); *Amisi v. Riverside Reg'l Jail Auth.*, Civil No. 3:20cv218 (DJN), --- F. Supp. 3d ----, 2020 WL 3549187, *1 n.2 (E.D. Va. June 30, 2020) (dismissing with prejudice because "no set of facts could overcome . . . sovereign immunity"); *Smith v. Va. Dep't of Agric. & Consumer Servs.*, Civil Action No. 3:12cv77, 2012 WL 2401749, at *10 (E.D. Va. June 25, 2012) ("To the extent sovereign [applies], such claims will be dismissed with prejudice. Dismissal with prejudice and without leave to amend is proper because such deficiency would be incurable through amendment."); *Martens v. Sjostrom*, Civil No. 13-2297 (JRT/JSM), 2014 WL 1356139, at *6 (D. Minn. Apr. 7, 2014) (dismissing with prejudice based on sovereign immunity because "there is no court of competent jurisdiction in which this complaint can be filed").